IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVON CORNELL ALEXANDER and LATONYA NICHOLE ALEXANDER F/K/A TODD, Individually and as Next Friends and Special Administrators of the Estates of TIFFANY NICHOLE ALEXANDER and TRISTAN NASIR ALEXANDER,<br><br>Plaintiffs,<br><br>v.<br><br>MEAD JOHNSON & COMPANY, LLC, and MEAD JOHNSON NUTRITION COMPANY,<br><br>Defendants. | Case No. 3:22-CV-812-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Remand filed by Plaintiffs Devon Cornell Alexander and LaTonya Nicole Alexander f/k/a Todd, Individually and as Next Friends and Special Administrators of the Estates of Tiffany Nicole Alexander and Tristan Nasir Alexander ("Plaintiffs"). (Docs. 9, 12). The undersigned ordered expedited briefing on the matter (Doc. 15), and the motion is now ripe for consideration. For the following reasons, Plaintiffs' motion is denied.

### BACKGROUND

Plaintiffs filed suit against Defendants Mead Johnson & Company, LLC, and Mead Johnson Nutrition Company ("Defendants") in the Circuit Court of St. Clair County, Illinois, in March 2022. (Doc. 1-1). Plaintiffs allege their premature infant twins died after developing

Page 1 of 6

necrotizing enterocolitis caused by Defendants' cow's milk-based infant formula products. (*Id.*).

In April 2022, Defendants removed the case to this district court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). Defendants allege that Plaintiffs are citizens of North Carolina. (*Id.*). They further allege that Defendant Mead Johnson Nutrition Company ("MJNC") is incorporated in Delaware and its principal place of business is in Indiana, while Defendant Mead Johnson & Company, LLC ("MJ&C"), is a limited liability company whose sole member is MJNC. (*Id.*). Thus, both Defendants are citizens of Delaware and Indiana. (*Id.*).

Plaintiffs now move to remand the case to state court. (Doc. 9). Plaintiffs assert that MJNC's principal place of business is actually in Illinois, not Indiana; thus, the forum defendant rule prevents removal of this action to federal court. Plaintiffs note that MJNC has recently identified its principal place of business as Illinois in a federal pleading and it lists its "global headquarters" as Illinois on its website. Plaintiffs further argue that any doubts concerning removal must be resolved in favor of remand to state court.

Defendants filed a response in opposition and attached declarations from the Director of Human Resources at Reckitt Benckiser PLC ("Reckitt"), the parent corporation of MJNC and its subsidiary MJ&C (Doc. 16-1), the Corporate Secretary and Legal Director for Defendants (Doc. 16-2), the Vice President of U.S. Medical Sales for MJ&C (Doc. 16-6), and the Head of Corporate Affairs and Chief Sustainability Officer at Reckitt (Doc. 16-11). These declarants state, generally, that Reckitt acquired Defendants in 2017; management functions were moved out of Illinois by approximately the end of 2018; Defendants are in the process of updating their corporate filings and website to reflect the transfer of its principal place of

business to Indiana; Defendants' have maintained their global research and development and supply chain headquarters in Indiana; Defendants' operations, including medical affairs, regulatory affairs, the consumer resource center, manufacturing, quality, and sales are located in Indiana; and Illinois has not been the home to personnel with significant management responsibility since 2018 at the latest.

In reply, Plaintiffs argue Defendants have not established by a preponderance of the evidence that MJNC's principal place of business is outside of Illinois. They assert that the Court should look to factors such as where a company maintains it headquarters, where its directors and officers reside, where it maintains its principal bank account, and where major corporate decisions are made, not the location of Defendants' offices or employees or where it conducts day-to-day operations.

## LEGAL STANDARD

A defendant may "remove a civil action from state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Even where the statutory requirements for diversity jurisdiction under § 1332(a) are met, however, the forum defendant rule bars removal based on diversity jurisdiction under § 1332(a) "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

The party invoking federal jurisdiction has the burden of establishing that it exists. *See Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (a removing defendant must

demonstrate a "reasonable probability" that subject-matter jurisdiction exists). When a court evaluates a motion to remand, "a plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand." *D.C. ex rel. Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)).

## DISCUSSION

Plaintiffs, who are citizens of North Carolina, assert this case should remain in St. Clair County, Illinois, because the forum defendant rule prevents removal of the case to federal court. Specifically, they argue Defendants' principal place of business is in Illinois, not Indiana, and thus Defendants improperly removed the case to federal court. The Court disagrees.

"For the purposes of [the diversity statute] a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332. The Supreme Court has adopted the "nerve center" test to determine the location of a corporation's principal place of business. *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)). "A corporation's nerve center is its brain and synonymous with its executive headquarters." *Id.* at 573. It must be the actual center of the corporation's direction, control, and operations, not a mail drop box, a bare office with a computer, or the location of an annual executive retreat. *Id.*; *Hertz*, 559 U.S. at 97.

Here, the Court is convinced by a preponderance of the evidence that at the time the Complaint was filed in this case, MJNC's principal place of business was in Indiana. The

evidence shows that from 2009 to 2017, MJNC was headquartered in the Chicago area. (Doc. 16-6 at ¶ 6). But once Reckitt acquired the company in May 2017, MJNC transferred its management functions to Evansville, Indiana. (*Id.* at ¶ 7). Indeed, the Indiana Secretary of State provides a principal office address located in Evansville, Indiana, and MJNC's President, Treasurer, and Secretary are listed under the same address. (Doc. 16-4). Likewise, the State of Delaware's Amended Annual Franchise Tax Report for MJNC lists its principal place of business as Evansville, Indiana, and provides the same address for MJNC's President and Directors in Evansville, Indiana. (Doc. 16-3). While a small number of personnel responsible for sales to a single client remain in the Chicago office, Illinois has not been the home to personnel with significant management responsibility since 2018. (Doc. 16-6 at ¶ 7).

Plaintiffs argue that MJNC has continued to represent itself in corporate filings and court pleadings as having a principal place of business in Illinois. But as explained by Justin Griner, MJNC's Legal Director, after MJNC was acquired by Reckitt, its corporate filings were not updated to reflect the transition of its principal place of business to Evansville, Indiana. (Doc. 16-2 at ¶ 4). Likewise, between 2018 and September 2021, legal filings in several cases named MJNC's principal place of business as Illinois based on those corporate filings that had not yet been updated. (*Id.* at ¶ 5).

Plaintiffs contend that Griner's explanation is not enough and demonstrates why the United States Supreme Court has rejected the mere use of form documents to establish a corporation's nerve center: at best, form designations can be subject to mistake or neglect, and at worst, they can be a tool for judicial manipulation. If these form designations were the only evidence available, the Court would agree. But that is not the case here, where the majority of the evidence suggests that MJNC's principal place of business is in Indiana.

Finally, Plaintiffs argue that MJNC's website, www.meadjohnson.com, currently represents that MJNC's global headquarters are in Chicago. However, as explained by Miguel Veiga-Pestana, Reckitt's Head of Corporate Affairs and Chief Sustainability Officer, that website was used when MJNC was a publicly held corporation. (Doc. 16-11 at ¶ 3). It fell into disuse after the acquisition by Reckitt, when Reckitt began posting information about Mead Johnson on its own website, www.reckitt.com. (*Id.* at ¶ 4). While MJNC's old website automatically updated its copyright year, thus appearing as though the information had recently been updated, in fact no current employee had access to the content management system needed to update www.meadjohnson.com. (*Id.* at ¶ 5). Ultimately, Veiga-Pestana was able to redirect the old domain name to www.enfamil.com, and the outdated information stating that Mead Johnson's "global headquarters" are located in Illinois is no longer visible to the public. (*Id.* at ¶ 6).

From this evidence, the Court concludes that Defendants' principal place of business—the nerve center—is located in Evansville, Indiana.[1] Thus, the forum defendant rule does not apply, and Defendants properly removed this case to federal court. Plaintiffs' Motion to Remand (Docs. 9, 12) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   June 15, 2022

                                                                            _____
                                                                            **NANCY J. ROSENSTENGEL**
                                                                            **Chief U.S. District Judge**

---

[1] Two other district courts have recently come to the same conclusion. *See Grosshuesch v. Mead Johnson & Co.*, LLC, No. 21-CV-1461-SPM, 2022 WL 179041, at *2 (S.D. Ill. Jan. 20, 2022) ("This Court has no doubt that the Mead defendants have shown they are citizens of Delaware and Indiana, not Illinois); *Koeth v. Mead Johnson & Co., LLC*, 1:21-cv-06234 (N.D. Ill. Feb. 23, 2022), Doc. 30 ("The preponderance of evidence submitted by the parties leads to the conclusion that on November 19, 2021, the date this action was filed, defendant's principal place of business was in Evansville, Indiana.").